**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan David Zielbauer, ) | CV 24-00512-TUC-JAS (MAA) |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Ryan Thornell; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on October 18, 2024, by Jonathan Zielbauer. Doc. 1. Zielbauer is currently incarcerated in the Arizona State Prison Complex in Tucson, Arizona. *Id*., p. 1.

Pursuant to the Local Rules of Practice, this matter was referred to the Magistrate Judge for a report and recommendation. Doc. 9.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. Zielbauer's claims were not properly exhausted and are now procedurally defaulted.

Summary of the Case

Zielbauer was convicted after a guilty plea to trafficking in stolen property and two counts of forgery in case No. CR20191708-001 ("*708"). Doc. 12, p. 1; Doc. 12-1, pp. 12-13. On June 25, 2020, the trial court suspended the imposition of sentence and placed Zielbauer on probation for three concurrent three-year terms. *Id*.; Doc. 12-1, pp. 15-18. The trial court further imposed a restitution award of $6,117.00. Doc. 12-1, p. 17. On March 8, 2023, the trial

court extended Zielbauer's probation for an additional five years "to allow him additional time to pay the restitution amount." Doc. 12-1, pp. 20-23.

On December 12, 2023, the trial court revoked Zielbauer's probation and issued a warrant for his arrest. Doc. 12-1, p. 28. The petition for revocation alleged that Zielbauer violated the terms of his probation by, among other things, committing organized retail theft. Doc. 12-1, p. 26.

Zielbauer was subsequently charged in case No. CR20240492-001 ("*0492") with unlawful flight from a law enforcement vehicle and aggravated assault on a peace officer. Doc. 12, p. 2. Zielbauer was also charged with three counts of organized retail theft in case No. CR20240494-001 ("*0494"). Doc. 12, p. 2.

On March 19, 2024, Zielbauer pleaded guilty to two counts of attempted organized retail theft in case *0494 and one count of unlawful flight from a law enforcement vehicle in case *0492. Doc. 12-1, p. 34. The trial court found that Zielbauer was in violation of his conditions of probation in case *708. Doc. 12-1, p. 35.

On April 18, 2024, the trial court imposed concurrent sentences, the longest of which was 4 years, for the probation violations in case *704. Doc. 12-1, pp. 49-53. In case *0424 and case *0492, the trial court imposed sentences of 1.5 years to run concurrently with each other but consecutively with the sentences for the probation violations. *Id*.

Zielbauer filed a notice of post-conviction relief on April 29, 2024 in all three cases, *708, *0492, and *0494. Doc. 12-1, pp. 57, 64, 71. Appointed counsel notified the court that she was unable to find any colorable issues and asked that Zielbauer be permitted to file a petition *pro per*. Doc. 12-1, pp. 81-92. Zielbauer filed a petition on October 17, 2024 in cases *708 and *0492. Doc. 12-1, pp. 97-102, 106. He argued his plea was unconstitutional because counsel was ineffective and double jeopardy was violated, among other things. Doc. 12-1, pp. 97-102. On November 20, 2024, the trial court denied the petition finding no "material issue of fact or law which would entitle Petitioner to Post-Conviction Relief." Doc. 12-1, p. 106.

On December 31, 2024, Zielbauer filed successive petitions for post-conviction relief. Doc. 12-1, p. 116. The trial court summarily dismissed the successive petitions on January 16, 2025. Doc. 12-1, p. 116.

On February 5, 2025, Zielbauer filed successive petitions for post-conviction relief under Rule 33. Doc. 12-1, pp. 119, 128. The trial court summarily dismissed the successive petitions on February 11, 2025. Doc. 12-1, p. 128.

Previously, on October 18, 2024, Zielbauer filed in this court the pending petition for writ of habeas corpus. Doc. 1. He claims that (1) trial counsel was ineffective for (a) failing to tell him that his failure to pay restitution could result in his probation being extended for five years or in his incarceration and for (b) failing to present mitigating factors. *Id*. He also argues that (2) the laws have changed and restitution is no longer a criminal matter. *Id*. He states that the petition addresses cases *708, *0492, and *0494, but the claims appear to relate only to the probation case, *708. *Id*.

The respondents filed an answer on April 22, 2025. Doc. 12. They argue, among other things, that Zielbauer's claims are procedurally defaulted. Doc. 12, pp 9-10. The court agrees. The court does not reach the respondents' alternate arguments. Zielbauer did not file a reply brief. *See* Doc. 9.

Standard of Review

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas review is limited to those claims for which the petitioner has already sought redress in the State courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review, which is the highest "available" State court. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If State remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the State court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the State court and it is clear the State would raise a procedural bar if it were presented now. *Id.*

The procedural default rule bars consideration of the petitioner's habeas claim if the State procedural rule is "independent and adequate." *Bennett v. Mueller*, 322 F.3d 573, 580-583 (9th Cir. 2003). The rule must be independent of federal law and must be "well-established and consistently applied." *Id*.

Procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Hanson v. Mahoney*, 433 F.3d 1107, 1114 (9th Cir. 2006). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a

constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in State court." *Franklin*, 290 F.3d at 1231.

Discussion

In the pending petition, Zielbauer claims that trial counsel was ineffective and the law of restitution has changed. Doc. 1. The court assumes without deciding that he raised these claims in the post-conviction relief ("PCR") petition that he filed with the trial court. Petition, Doc. 12-1, p. 100. Zielbauer did not, however, raise these claims in a petition for review before the Arizona Court of Appeals. Doc. 12, p. 3; *see also* Doc.12-1, pp. 106-107 (trial court order dismissing the PCR petition). Accordingly, these claims were not properly exhausted. *See Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005).

He cannot file a petition for review now. *See* Ariz.R.Crim.P. 32.16 (time for filing). Moreover, he cannot raise the issues in a subsequent post-conviction relief petition. *See* Ariz.R.Crim.P. 32.2 (preclusion of remedy), 32.4(b)(3) (time for filing); *see also* Doc. 12, p. 10. These claims are procedurally defaulted and should be denied with prejudice. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002); Doc. 12, pp 9-10. Zielbauer did not file a reply arguing that the default should be excused. *See Hanson v. Mahoney*, 433 F.3d 1107, 1114 (9th Cir. 2006).

In his petition, Zielbauer states that he presented his issues to the Arizona Court of Appeals in his "Direct appeal," which he asserts that he filed on April 29, 2024. Doc. 1, pp. 2, 4. That filing, however, was not a direct appeal. That was Zielbauer's of-right Rule 33 post-conviction relief notice, which was filed with the trial court. Doc. 12-1, pp. 57, 64, 71. His *pro per* petition was denied by the trial court on November 20, 2024. Doc. 12, pp. 2-3. He did not file a petition for review with the Arizona Court of Appeals from the trial court's denial. *Id.*

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Dismissing the petition for writ of habeas corpus. Doc. 1. Zielbauer's claims are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without permission from the District Court.

DATED this 3rd day of June, 2025.

_____
Honorable Michael A. Ambri
United States Magistrate Judge